| | |
|---|---|
| PAUL JASON TAAL ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSET ACCEPTANCE, LLC ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 12-cv-514 <br><br> Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

[1]

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Paul Jason Taal (hereafter referred to as "Plaintiff" and/or "Mr. Taal") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant Asset Acceptance, LLC (hereafter referred to as "Defendant" or "Asset Acceptance") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48090-7132 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Mr. Taal respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Mr. Taal incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime prior to October 3, 2011, Mr. Taal's debt was consigned, assigned or otherwise claimed to be transferred to Defendant for collection from Mr. Taal.

10. Defendant sent Mr. Taal a letter dated October 3, 2011. (see attached Exhibit 1).

11. The October 3, 2011 letter demands a current balance due of $19,781.44 on Mr. Taal's Chase Bank / First USA account ending with 3627.

12. Mr. Taal made no payments on his Chase Bank / First USA account ending with 3627 after October 3, 2011, and he is aware of no reason whatsoever that the balance owed on

[2]

this account would decrease.

16. On or about April 13, 2012, Defendant filed a Civil Warrant against Mr. Taal in Knox County General Sessions Court in Knoxville, Tennessee. (see attached Exhibit 2).

14. The Civil Warrant was filed by, and lists the plaintiff of case # 9154H as "ASSET ACCEPTANCE LLC assignee of CHASE BANK / FIRST USA."

15. The Civil Warrant asserts:

> "STATE OF TENNESSEE, COUNTY OF KNOX 5th Sessions Court New Civil Warrant To Any Lawful Officer to Execute and Return: Summon PAUL TAAL To appear before the General Sessions Court of Knox County, Tennessee, on the 6/4/12 at 9:00 a.m./p.m., then and there to answer a civil action brought by For Suit on a sworn account here to the court shown in the amount of $11695.35 plus court costs and service of process costs in the amount of $25.00."

16. The Civil Warrant had an attachment titled "Affidavit In Support of Plaintiff's Claim" (see attached Exhibit 3).

17. The affiant, Pamela McCullough, asserts that she is an employee of ASSET ACCEPTANCE, LLC and a "custodian of records."

18. Ms. McCullough goes on to assert that "upon review of records in my possession, PAUL TAAL established an account with CHASE BANK/ FIRST USA herein under account number XXXXXXXXXXXX3627."

19. Additionally, Paragraph Seven (7) of the Affidavit attached to the Civil Warrant states:

> That as a result of Defendant(s) payment default, the Defendant(s) named herein is/are justly indebted to the Plaintiff [Asset Acceptance, LLC] in the amount of $11695.35 together with interest at the statutory rate of 0.0000% from 11/30/2007.

See Exhibit 1.

20. Ms. McCullough signed the affidavit on February 13, 2012.

[3]

21. Mr. Taal, through his counsel in the state court action, filed a Sworn Denial on May 30, 2012 asserting he was not indebted to Asset Acceptance regarding the debt sought in the state court action. (see attached Exhibit 4).

22. Mr. Taal, through his counsel in the state court action, sent a demand for documentation to prove the validity and amount of the debt to Asset Acceptance on May 30, 2012. (see attached Exhibit 5).

23. Although the initial hearing was scheduled on June 4, 2012, continuances were granted by the Knox County General Sessions Court to Asset Acceptance, LLC continuing the hearings from June 4, 2012 to July 25, 2012, and again from July 25, 2012 to August 27, 2012.

24. Despite Mr. Taal's multiple requests for documentation to prove up the validity and/or amount of the debt, and in spite of Ms. McCullough's sworn testimony that she had reviewed the records which were in her possession, Asset Acceptance never produced any documentation supporting the allegations it made in the Knox County General Sessions case numbered 9154H.

25. As a direct result of Mr. Taal's request for a dismissal with prejudice due to no supporting documentation whatsoever, Asset Acceptance requested the Knox County Civil Warrant be non-suited (dismissed without prejudice) on or about August 27, 2012. That case was then ordered to be dismissed without prejudice.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

[ 4 ]

26. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: The use of false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. §1692e.

27. Defendant, in its Affidavit, swore that Mr. Taal's account had accrued no interest from November 30, 2007. See Exhibit 3.

28. While Mr. Taal is not unduly prejudiced in Defendant's application of no interest, it demonstrates that Asset Acceptance is not applying the appropriate interest and/or fees.

29. Further confusion is created by Defendant whereby it's representative, a custodian of its records, swears no interest has accrued on the account since November 30, 2007, and yet it had demanded $19,781.44 on the same account on October 3, 2011. How can a balance increase by $8,086.09 when the applicable interest rate is 0.0000%?

30. Defendant is intentionally false, deceptive and misleading in representing Mr. Taal is indebted with no statutory interest from November 30, 2007.

CAUSES OF ACTION
SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

31. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: The use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

32. The collection attempts by Defendant demanded different amounts from Mr. Taal.

In its Civil Warrant issued April 13, 2012, Defendant asserted a total requested Judgment of $11,695.35 in addition to court costs and service of process. See Exhibit 2. The Affidavit by Defendant's custodian of records asserted the balance of $11,695.35 with absolutely no interest accruing since November 30, 2007. See Exhibit 3. In direct contradiction to these statements, Defendant had already demanded the balance due of $19,781.44 six (6) months before on October 3, 2011. See Exhibit 1.

33. Mr. Taal asserts no payments were made during the applicable time period referenced *supra*. Mr. Taal additionally asserts no payments were made on his behalf during this same time. Therefore there is no logical reason to explain the reduction in the amount sought between Defendant's October 3, 2011 letter and the April 13, 2012 Civil Warrant filed by Asset Acceptance.

34. By assigning different account balances and interest rates and/or fees to the same account, none of which are provided within the terms of the contract executed between the original parties, Defendant has confused Mr. Taal as to what amount of money he owes on this account.

35. Additionally, there is no authority for Asset Acceptance to recover cost of service of process as sought in the Civil Warrant as no judgment was ever entered.

36. By attempting to collect private process fees in addition to an incorrect interest amount ascertained from a date certain approximately four (4) years prior to the issuance of the Civil Warrant, Defendant has confused Mr. Taal as to what amount of money he owes on this account.

## CAUSES OF ACTION
[6]

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

37. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

38. Defendant sought amounts not expressly authorized by agreement or law in its various correspondences.

39. Defendant sought $11,695.35 in its April 13, 2012 Civil Warrant. Inexplicably, it had previously sought $19,781.44 approximately six (6) months before issuance of the Civil Warrant in spite of the Affidavit attached to the Civil Warrant asserting interest had accrued at a rate of 0.0000% since November 30, 2007.

40. Defendant, under oath, asserted no interest had accrued on the account since November 30, 2007, despite its application of a wholly different rate of interest and/or fees in its previous correspondences and never having a contract to prove the correct rate of interest.

41. After the filing of the Civil Warrant, Defendant was not able to produce any documentation regarding the aforementioned debt. Especially lacking was a copy of the contract signed by Mr. Taal.

42. While Mr. Taal is not unduly prejudiced in Defendant's application of no interest, it further demonstrates that Asset Acceptance is not applying the contractual amounts of interest and/or fees.

43. Defendant has never been able to provide documentation as to the actual

[ 7 ]

contractual rate of interest. In spite of multiple requests for supporting documentation during Mr. Taal's state court defense of Asset Acceptance's claims, no contract or similar documentation was ever proffered by Asset Acceptance.

44. Upon information and belief, Mr. Taal alleges that Asset Acceptance never had a copy of the contract bearing Mr. Taal's signature so that Asset Acceptance could discern the correct rate of interest and/or fees to apply to the account.

45. Defendant, in its collection attempts, has applied different amounts of interest and/or fees, none of which are provided in the original contractual agreement between the Mr. Taal and Chase Bank / First USA.

46. As a result of Defendant's actions, Mr. Taal is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

[8]

    b)       That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    c)       That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

    d)       That the Court declare all defenses raised by Defendant to be insufficient; and

    e)       That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 28th day of September, 2012.

                                    PAUL JASON TAAL

                          BY:    /s/ Justin A. Brackett
                                    Justin A. Brackett (BPR 024326)
                                    Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868